Daniel TEPPER, Plaintiff–Appellant,

v.

Bruce BENDELL, Doron Cohen,
and Richard L. Feinstein,
Defendants–Appellees.

No. 04–5860.

United States Court of Appeals,
Second Circuit.

Feb. 28, 2006.

Eric W. Berry, Eric W. Berry Law Office P.C., New York, NY, for Appellant.

David C. Birdoff (Lionel G. Hest, on the brief), Fulbright & Jaworski L.L.P., New York, NY, for Appellees.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Daniel Tepper ("plaintiff") appeals the September 30, 2004 Opinion and Order of the United States District Court for the Southern District of New York (Shirley Wohl Kram, *Judge*) granting summary judgment to defendants-appellees Bruce Bendell, Doron Cohen, and Richard L. Feinstein ("defendants") and dismissing plaintiff's amended complaint in its entirety. We assume the parties' familiarity with the underlying facts and procedural history.

On appeal, plaintiff concedes that he "is not attempting to establish that the defendants in this case caused him any injury *independent* of that inflicted upon him by" Fidelity Holdings, Inc. ("Fidelity"), the defendant in plaintiff's suit before the United States District Court for the District of Nevada (Justin L. Quackenbush, *Judge*) (the "Nevada Action"). *See* Pl.'s Reply Br. at 24 (emphasis added). Rather, plaintiff maintains that he is entitled to seek additional damages beyond the $522,000 awarded to him in the Nevada Action, arguing that the "binding judicial mediation" held before Judge Quackenbush did not constitute an "evidentiary hearing" complete with the presentation of transcribed testimony, cross-examination, and a right to appeal. Relying on principles of collateral estoppel, plaintiff argues that he was deprived of a "full and fair opportunity" to litigate his damages claims before Judge Quackenbush, and as a result, the judgment in the Nevada Action—despite having been paid in full by Fidelity on March 27, 2003—should not bar plaintiff's claims against the defendants in the instant action from proceeding before Judge Kram.

Having reviewed the parties' submissions, the applicable case law, and the record on appeal, we conclude that plaintiff's reliance on the doctrine of collateral estoppel is wholly immaterial to the disposition of this case.[1] In his affidavit of

---

1. Because Judge Kram, as discussed below, provided an independent and valid basis for her decision—namely, that "payment in full by a judgment debtor bars further action by the plaintiff in question against another who is liable for the same damages," *Tepper v.*

January 23, 2002, plaintiff expressly represented to Judge Kram that he sought recovery against defendants because they were *"jointly and severally"* liable with Fidelity," Pl.'s Aff. ¶ 76 (emphasis added), not because he was entitled to seek *additional* damages beyond those awarded in the Nevada Action. *See Tepper v. Bendell,* No. 01 Civ. 6226, 2002 WL 31729601, at *8 (S.D.N.Y. Dec. 5, 2002) ("Tepper asserts that he does not seek additional damages, but only seeks to recover the amount awarded to him by the Nevada District Court from *either* Fidelity *or* defendants.") (emphases added); *see also Tepper v. Bendell,* No. 01 Civ. 6226, 2004 WL 2210309, at *3 (S.D.N.Y. Sept. 30, 2004) ("There is no dispute that Plaintiff is suing Defendants on the exact same financial losses for which he was compensated in the Nevada Action."); Pl.'s Aff. ¶ 21 ("The crux of the matter is that defendants are jointly liable with Fidelity."). Notwithstanding plaintiff's attempts on appeal to obscure the unambiguous import of his statements before the District Court, we find no basis to overturn Judge Kram's conclusion that "[t]he full payment of damages by Fidelity in the Nevada Action discharged Defendants' liability in their individual capacities." *See Tepper,* 2004 WL 2210309, at *3.[2]

\*     \*     \*     \*     \*     \*

We have considered all of plaintiff's arguments on appeal and find each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**

---

*Bendell,* No. 01 Civ. 6226, 2004 WL 2210309, at *3 (S.D.N.Y. Sept. 30, 2004)—we need not, and do not, address here the District Court's additional conclusion that "[p]rinciples of collateral estoppel *further* undermine [p]laintiff's case." *id.* (emphasis added).

**2.** Plaintiff's reliance on *PenneCom B.V. v. Merrill Lynch & Co.,* 372 F.3d 488 (2d Cir.2004) is unavailing because, unlike here, (1) the plaintiff in *PenneCom* alleged that defendant "Merrill Lynch [had] actively assisted [another company's] breach [of contract] and in the presentation of fraudulent evidence to the arbitration panel, which minimized the loss award[ed in the arbitration]," *id.* at 489, thus

raising an issue as to whether Merrill Lynch had approached the District Court with "unclean hands," *id.* at 493; (2) the liability of Merrill Lynch, at least with respect to the allegations of fraud, arose from different acts than those at issue in the arbitration; and (3) the plaintiff had obtained the information on which it brought its suit against Merrill Lynch *after* it had "collected the full amount of the [arbitration] award," *id.* at 490.

